■ In the Matter of WILLIAM W. SCRIBER, Appellant, v COUNTY OF OSWEGO et al., Respondents. [674 NYS2d 536] —Judgment unanimously reversed on the law without costs and petition granted in part in accordance with the following Memorandum: Petitioner commenced this CPLR article 78 proceeding, asserting that the action of the Legislature of the County of Oswego (Legislature) on January 6, 1997 in setting his annual salary as election commissioner at $27,000 was illegal because the Legislature was precluded from changing the salary for his position after his term commenced on January 1, 1997. Supreme Court dismissed the petition, determining that petitioner's appointment as election commissioner was invalid because no vacancy existed on the date of the appointment. That was error.

Petitioner's appointment was valid pursuant to Election Law § 3-204. Because the term of the incumbent election commissioner was to expire on December 31, 1996, the Democratic Party Committee properly submitted petitioner's name to the Legislature for approval "[a]t least thirty days before the first of January" (Election Law § 3-204 [1]). Because the full Legislature did not act "within thirty days after the filing of [the] certificate of recommendation" (Election Law § 3-204 [4]), the Democratic legislators properly appointed petitioner to the position, effective January 1, 1997, and the full Legislature thereafter appointed petitioner to that position. Consequently, petitioner's term had commenced when the Legislature attempted to fix petitioner's salary at an amount lower than that appropriated for the position in the 1997 budget, in contravention of County Law § 201. We therefore grant the petition in part and direct respondents to compensate petitioner at the annual rate of $34,622 during his term of office. The petition, insofar as it seeks an award of attorney's fees, is denied. (Appeal from Judgment of Supreme Court, Oswego County, Ni-

cholson, J.—CPLR art 78.) Present—Denman, P. J., Green, Wisner, Pigott, Jr., and Fallon, JJ.